*Cord, for appellant.*

*Andrews, for appellee.*

---

MICHAEL MOORE *v.* W. C. IRELAND, ETC.

**Vendor and Purchaser—Vendor's Lien—Burden of Proof.**

In a suit on purchase money notes to enforce a vendor's lien, the burden is on plaintiffs to sustain the material allegations of their petition, and must show their ability and willingness to make a good title.

APPEAL FROM LEWIS CIRCUIT COURT.

February 10, 1873.

OPINION BY JUDGE PETERS:

This suit in equity was brought by the assigns of two notes executed for the purchase money for land, and to enforce a vendor's

lien.   In such cases this court has repeatedly held that the plaintiff must set forth the terms of the contract, and allege that he is able, and willing to convey the land sold, in accordance with the terms of the sale.   Robert Walsh and others who join with Ireland & Pollock as plaintiffs allege that the two notes sued on were executed to appellee Deselding, attorney in fact for Maylan's heirs, for the purchase price of fifty acres of land in Lewis county within the John Maylan's 26,500 acres, upon which said Moore now resides, and has been in possession, and so resided ever since his said purchase of said tract of land.

The plaintiffs, Robert Walsh, etc., say that the legal title is in them and that they are able, ready and willing to convey the same to the defendant when the purchase money shall be paid, and that their attorney in fact, Deselding, on the 7th day of November, 1866, executed to said Michael Moore, the defendant, a title bond for said tract of fifty acres of land, etc.

In his answer to the petition, appellant denies that said Robert Walsh and others, as set out in the petition, are the heirs of John Maylan, and explicitly and positively denies that they are able to convey said land, alleges that they are non-residents, and makes his answer a cross petition against plaintiffs and asks for a good title.

If it be conceded that the statement in the petition that they are ready, able and willing to convey the land when the purchase money is paid, is an unconditional and sufficient allegation, and does not mean that they will be ready when or by the time the purchase money is paid, and that the inference that they are the heirs of John Maylan, from a recital in the petition *"that their attorney in fact De-Selding"* executed to Moore a title bond for the land, in the absence of any direct averment that they are his heirs, which would be extending to pleading a most liberal indulgence.   Still the answer puts in issue directly the most material allegations of the petition denying that they are the heirs of John· Maylan and that they are *able to convey the land* and charges that said plaintiffs are non-residents.   By the denials in the answer appellees were bound to sustain these material allegations by proof, and before they are entitled to a judgment they must identify themselves as heirs of John Maylan and exhibit the title and manifest their ability to make a good title.   It would be idle, and without meaning, for

the law to require the plaintiffs to allege their ability to make title if they were not bound to establish the fact by evidence, if it was put in issue by the answer. It was therefore erroneous to sustain the demurrer to the answer, and for that error the judgment is *reversed* and cause remanded, with directions to overrule the demurrer and for further proceedings consistent with this opinion.

*Bowling, Phister, Thomas, for appellant.*

*Ireland, for appellee.*